<div style="writing-mode: vertical-rl">**UNITED STATES DISTRICT COURT**
**For the Northern District of California**</div>

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C 11-01567 LB |
| Plaintiff, | **ORDER GRANTING PROVISIONAL PERMISSION FOR DOE DEFENDANTS TO PROCEED ANONYMOUSLY** |
| v. | |
| DOES 1-118, | |
| Defendants. | |

The recent surge in copyright cases involving numerous Doe defendants has presented a handful of difficult legal questions with regard to joinder, personal jurisdiction, venue, and the procedures necessary to sort them out in a fair manner. *See, e.g., IO Group v. J.W.*, No. C-10-05821 DMR, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (noting a split of authority as to whether the court with underlying jurisdiction over the case may determine a motion to quash or whether a motion to quash must be directed to the court that issued the subpoena). In light of these issues, which might be particularly challenging for those proceeding without counsel, "protections for the Doe Defendants are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court." *Liberty Media Holdings, LLC v. Does 1-62*, Civil No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *6 (S.D. Cal. May 12, 2011).

Accordingly, the court **GRANTS** a protective order to the limited extent that any information regarding the Doe Defendants released to Plaintiff by the internet service providers shall be treated

1  as confidential for a limited duration. *See IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2010
2  WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Plaintiff shall not publicly disclose that
3  information until the Doe Defendant has the opportunity to file a motion with this court to be
4  allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *Id.* If the
5  Doe Defendant fails to file a motion for leave to proceed anonymously within 30 days after his or
6  her information is disclosed to Plaintiff's counsel, this limited protective order will expire. *Id.*
7  Given the potential embarrassment associated with being publicly accused of having illegally
8  downloaded adult entertainment, if the Doe Defendant includes identifying information within his or
9  her request to proceed anonymously, the court finds good cause to order the papers filed under seal
10 until the court has the opportunity to rule on the request. *See id.* at 3 (permitting party to file under
11 seal a declaration with identifying information); *see also McCoy v. Southwest Airlines Co., Inc.*, 211
12 F.R.D. 381, 385 (C.D. Cal. 2002) ("[U]nder Rule 26(c), the Court may *sua sponte* grant a protective
13 order for good cause shown.").

**IT IS SO ORDERED.**

Dated: August 26, 2011

_____
LAUREL BEELER
United States Magistrate Judge