1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

HARD DRIVE PRODUCTIONS, INC,                    No. C 11-01567 LB

             Plaintiff,                    **ORDER TO SHOW CAUSE**

   v.

DOES 1-118,

            Defendants.

_____/

    Plaintiff Hard Drive Productions, Inc. filed its original complaint against 118 Doe Defendants on March 31, 2011.  ECF No. 1.[1]  The next day, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference.  ECF No. 6.  The court granted this application on April 14, 2011, permitting Plaintiff to serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the Doe Defendants so that Plaintiff could complete service of process on them.  ECF No. 8.  The order gave the ISPs and subscribers each 30 days in which to object to the subpoenas.  *Id*. at 5.  More than 180 days have passed since the filing of the original complaint and more than 165 days have passed since the issuance of the order permitting early discovery, but, to date, no proof of service has been filed.

    Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint.  The 120 days for service runs from the date of the original complaint for

---

    [1] Citations are to the clerk's electronic case file ("ECF") with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  all Doe Defendants – identified by Doe number, the Internet Protocol ("IP") address associated with

2  each Doe Defendant, the identity of the ISP associated with the IP address, the last-observed date

3  and time that the infringement by that Defendant was observed, and the software protocol used by

4  the Defendant – named in the original complaint.  *See Harris v. City of Cleveland*, 7 Fed. Appx. 452,

5  456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named

6  defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright &

7  Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829,

8  830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants

9  named in an amended complaint when they had been named in an earlier complaint but not served

10  within 120 days of the filing of the original complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th

11  Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely

12  service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the

13  alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and

14  serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford*

15  *Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and

16  served within 120 days of the commencement of the action against them (but declining to dismiss

17  the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D.

18  Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified

19  and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *cf. McGuckin v. United*

20  *States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that time to serve defendants *added in the*

21  *new complaint* runs from filing of new complaint).  This approach comports with the policies

22  underlying the rule.  *See Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) ("Rule 4(j)

23  [Rule 4(m)'s predecessor] is intended to force parties and their attorneys to be diligent in

24  prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.

25  1985)).

26      A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m)

27  unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m).  If

28  good cause appears, the court must extend the time for service for an appropriate period.  *Id.*

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Whether good cause exists is determined on a case by case basis.  *In re Sheehan*, 253 F.3d 507, 512

2  (9th Cir. 2001).  A plaintiff may show good cause where it attempted to serve a defendant but not yet

3  completed it, was confused about the requirements for service of process, or was prevented from

4  serving a defendant because of events outside of its control.  *See Wei v*, 763 F.2d at 372 (applying

5  the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*,

6  805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds).  Evasion of service could

7  also constitute good cause for delay in service.  *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo

8  Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008)

9  (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

10     In its administrative motion to continue the case management conference, Plaintiff explains that

11  it has served subpoenas on all of the Internet Service Providers identified in its application, and

12  "[w]hile some ISPs have fully complied with the Court's Order [permitting early discovery], others

13  are working slowly to get Plaintiff the identifying information desired."  ECF No. 9 at 4.  The delays

14  allegedly attributable to *some* of the ISPs, however, does not explain Plaintiff's failure to provide

15  proof of service on *any* of the Doe Defendants.  Moreover, Plaintiff's administrative motion to

16  continue the case management conference is not a motion for an enlargement of time to serve, and

17  the statements within the administrative motion do not constitute acceptable evidence of good cause.

18     Rule 4(m) requires Plaintiff to have filed proof of service by July 29, 2011.  Plaintiff did not.

19  The court's earlier order giving Plaintiff permission to take expedited discovery implicitly

20  contemplated an extension but does not excuse a whole cloth failure to serve process or otherwise

21  assure the court that Plaintiff is diligently prosecuting the case.  Accordingly, the court **ORDERS**

22  Plaintiff to show cause why this action should not be dismissed for failure to serve the defendants as

23  required by Rule 4(m) by October 11, 2011.

25     **IT IS SO ORDERED.**

26  Dated: September 26, 2011

27  _____
LAUREL BEELER
United States Magistrate Judge

C 11-01567

3