Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | No. C-11-01567-LB |
| Plaintiff, ) | |
| v. ) | **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA** |
| DOES 1-118, ) | |
| Defendants. ) | |

An anonymous individual ("Movant") filed a motion to quash an outstanding subpoena issued to Time Warner Cable d/b/a Road Runner ("Time Warner") (Motion to Quash or Modify Subpoena, ECF No. 22, Sept. 19, 2011 [hereinafter "Motion to Quash"].) Movant argues that the subpoena should be quashed and the defendants severed in the case because misjoinder exists. (Motion to Quash at 2.) Movant also makes several technical arguments on the merits. (Motion to Quash at 4-7.)

**ARGUMENT**

This brief consists of three parts: Part I argues that Movants' misjoinder challenges are premature and moot at this stage of the litigation. Part II argues that Movant's technical arguments on the merits are also premature.

### I. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE AND MOOT

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant argues that if this case were allowed to proceed with defendants joined, it "would be a gross misuse of joinder." (Motion to Quash at 2.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument eventually proves to have any merit. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Decision] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)).

Plaintiff properly alleges that Doe Defendants were part of the same series of transactions, and further states a civil conspiracy claim against Doe Defendants. (Compl. ¶¶ 5, 32–39.) For good reason, courts typically will not sever cases involving civil conspiracy claims. *See In re High Fructose Corn Syrup Antitrust Litigation*, 293 F. Supp. 2d 854, 863 (C.D. Ill. 2003) (Mihm, J.) ("[D]iligent research by both the parties and the Court has uncovered no case in which a Rule 21 severance has been granted in a civil conspiracy case."). While Plaintiff's list of Doe Defendants does indeed show that many Doe Defendants used different ISPs and their infringing activity was not necessarily observed contemporaneously, Plaintiff makes clear that each Doe Defendant was observed infringing upon the same unique copyrighted Video, entered the torrent swarm particular to that Video, and contributed to the chain of data distribution which perpetuated the existence of that torrent swarm. (Compl. ¶¶ 3, 5, 8, 26-28, 34.) Finally, contrary to Movant's claim that little

similarity between Doe Defendants exists, Plaintiff has identified no fewer than five questions of law that Doe Defendants share, while not disclaiming the existence of other such shared questions. (Compl. ¶ 5.) Movant's arguments are thus not only premature, but demonstrably erroneous.

At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is plainly proper. Kendall June 9 Decision, 2011 WL 2292958, at *2. Plaintiff has alleged that Doe Defendants have infringed Plaintiff's copyrighted Video through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users, including Defendants. (Compl. ¶¶ 3, 5, 8-13, 15, 22-24.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP*, 2011 WL 2181620, at *4 (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (Howell, J.) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related"). The Court should deny the instant motion because Movant's joinder challenge is premature.

Further, Movant's motion is moot because Plaintiff has already dismissed all claims without prejudice against all Doe Defendants in this case except for the Doe Defendants associated with the two motions (ECF Nos. 16 and 22) pending in this case. (ECF No. 24.) At this point, this action is now essentially Hard Drive Productions v. Does 1-2. Movant's concern that Plaintiff "accuse[s] huge numbers of unknown, innocent, and legally unknowledgeable people" of copyright infringement is no longer a valid concern. Plaintiff now only accuses two individuals that it has a good faith basis to believe violated its copyrights, and seeks the identity of the two most legally knowledgeable people originally named in the lawsuit—the only two to file Motions to Quash. The Court should deny the instant motion because Movant's joinder challenge is moot.

## II. MOVANT'S TECHNICAL ARGUMENTS ON THE MERITS ARE PREMATURE

Movant makes several technical arguments on the merits, contesting the reliability of Plaintiff's IP (Motion to Quash at 4) and Media Access Control (MAC) address tracing (Motion to Quash at 5), pointing out the unreliability of home network security (Motion to Quash at 6), and explaining the difficulty of pinpoint a person by their IP address. (Motion to Quash at 7.) Arguments on the merits, however, are not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011)) (denying anonymous motion to quash). These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP*, 2011 WL 2181620, at *1 (same).

Movant may have valid defenses to this suit, possibly including that the technology used by Plaintiff is unreliable[1], but the time to raise those is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motions because Movant's factual denials and merits-based technological arguments are premature and irrelevant.

//

//

---

[1] Plaintiff denies this as well, however.

## CONCLUSION

The Court should deny Movant's motion. Movants' misjoinder challenges are premature and moot at this stage of the litigation. Movant's technical arguments on the merits are also premature.

Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.,

**DATED: September 29, 2011**

By: \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on September 29, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

　　　　/s/ Brett L. Gibbs, Esq.
　　　　　　Brett L. Gibbs, Esq.