Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | No. C-11-01567-LB |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S RESPONSE TO** |
| v. ) | **COURT'S ORDER TO SHOW CAUSE** |
| ) | |
| DOES 1-118, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On September 27, 2011, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for failure to serve the defendants as required by Rule 4(m). (Order to Show Cause, September 27, 2011, ECF No. 23 [hereinafter "Order to Show Cause"].) Plaintiff respectfully submits this response in return.

### I.  LEGAL STANDARD

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the same. Plaintiff can establish good cause and the procedural history of this case strongly weighs in favor of the Court exercising its discretion in Plaintiff's favor.

## II. BACKGROUND

Plaintiff filed its complaint on March 31, 2011, against 118 Doe Defendants. (ECF No. 1.) Because Plaintiff did not know the identities of the Defendants—all of whom operated anonymously under the cover of IP addresses—Plaintiff could not name or serve them with the complaint. The very next day, on April 1, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery aimed at ascertaining the identities of the Doe Defendants. (ECF No. 6.) Approximately two weeks later, on April 14, 2011, the Court issued an order granting Plaintiff's expedited discovery application. (ECF No. 8.) Shortly thereafter, on April 22, 2011, Plaintiff issued its subpoenas to the Internet Services Providers ("ISPs") listed in Exhibit A to the Complaint. Pursuant to this Court's Order, Plaintiff was required to allow the ISPs 70 days to return Plaintiff's subpoena. (ECF No. 8) (allowing the ISPs 30 days to notify its subscriber, allowing the subscriber 30 days to file a motion to quash and allowing 10 days for the return of information following the lapse of the previous deadlines.)

On September 27, 2011, Plaintiff voluntarily dismissed all claims without prejudice except with respect to the two remaining Doe Defendants that had filed motions to quash subpoenas (ECF Nos. 16 and 22). (ECF No. 24.) Plaintiff has responded to both of these outstanding motions (ECF Nos. 21 and 25 respectively) and is awaiting the Court's ruling on these motions. Before receiving any identifying information from the ISPs on these two individuals, the Court must issue orders denying these motions. Without such, it is impossible for Plaintiff to properly name and/or serve anyone in this matter. Further, Plaintiff filed a motion for Administrative Relief (ECF No. 18) and is waiting for the Court to rule on this motion as well.

## III. GOOD CAUSE

"When considering [whether] … to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan* 253 F.3d at 512. The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect." *Id.* (citation omitted). Beyond the "excusable neglect" standard, the Ninth Circuit has articulated three factors (the "*Boudette*" factors) that a plaintiff *may* be required to show in order to

bring an "excuse" to the level of good cause, but in its Order to Show Cause the Court did not order Plaintiff to discuss the *Boudette* factors. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Nor do the *Boudette* factors appear to have much relevance to a Rule 4(m) good cause analysis where the reason for non-service is that the identity of the defendant has not been ascertained. *See Id.*

In this case, Plaintiff has good cause for its delay in serving the remaining Doe Defendants in this action. Plaintiff is unaware of the identity of either Doe Defendant and is therefore unable to serve them. Plaintiff's ignorance of the Doe Defendant's identity is not a result of any delay or dilatory action on Plaintiff's part. To the contrary, at every turn Plaintiff has demonstrated expediency. Of the approximately 193 days that have passed since Plaintiff filed its complaint on March 31, 2011, Plaintiff has spent all but a small fraction of the days waiting for the ISPs' subpoenas to be returned (with the timeline structured by the Court) or waiting for the Court to rule on an issue. Plaintiff cannot currently obtain this information, because the ISPs will not release the information Plaintiff seeks while there are outstanding motions to quash.

The "excusable neglect" standard would appear to be readily satisfied. First, as outlined above, Plaintiff has not demonstrated any form of neglect because it has acted with all due expediency. And even if the action of "waiting" can be described as neglect, it would certainly be excusable, particularly since an unknown party cannot possibly be served with a complaint.

## IV.   DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. Plaintiff is currently awaiting the Court's rulings on three separate motions and the disposition of these issues is central to Plaintiff's ability to serve the Does with the Complaint.

The timeline for filing a complaint, filing an *ex parte* discovery motion, receiving a ruling on the motion, serving a subpoena, addressing motions to quash and awaiting rulings on those motions and other related matters may not realistically be compacted into 120 days. These factors weigh heavily in favor of the Court exercising its discretion to extend the time for serving the complaint.

///

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the complaint.

Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED: October 11, 2011**

By:   \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 11, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

                                        /s/ Brett L. Gibbs, Esq.
                                          Brett L. Gibbs, Esq.