UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC, | No. C 11-01567 LB |
| Plaintiff, | **ORDER DENYING DOE DEFENDANTS' MOTIONS TO QUASH** |
| v. | |
| DOES 1-118, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Hard Drive Productions, Inc. ("Hard Drive") sued 118 Doe defendants for copyright infringement and civil conspiracy. With this court's permission, Hard Drive served subpoenas on several Internet Service Providers ("ISPs"), seeking information about certain ISP subscribers who may or may not be named as defendants to this action. Two of those subscribers, one with Internet Protocol ("IP") address 75.84.7.11 ("Doe 75") and one with IP address 72.129.105.245 ("Doe 72"), moved to quash the subpoenas. Doe 75 MTQ, ECF No. 16; Doe 72 MTQ, ECF No. 22. For the reasons described below, the court DENIES the two Doe defendants' motions.

## II. BACKGROUND

Hard Drive is an Arizona-based corporation that produces and distributes adult entertainment. Complaint, ECF No. 1 at 4, ¶ 6.[1] As part of its operations, Hard Drive operates a website called

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

"Amateur Allure" that contains a work titled "Amateur Allure – Samantha Saint." *Id.* at ¶ 6-7. A copyright application for this work is currently pending. *Id.* at 7, ¶ 20. According to Hard Drive, the Doe defendants, without its permission, reproduced and distributed "Amateur Allure – Samantha Saint" to numerous third parties through a peer-to-peer file sharing network. *Id.* at 7, ¶ 23. Hard Drive alleges that the Doe defendants, individually and pursuant to a civil conspiracy, reproduced and distributed their work in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, causing it economic and reputational harm. *Id.* at 8, ¶¶ 29, 32-39.

Because BitTorrent – the peer-to-peer file sharing network that the Doe defendants utilized – is partially anonymous, Hard Drive does not know the defendants' names and addresses, and, as a result, is unable to complete service of process on them. Motion, ECF No. 6 at 4. It was, however, able to identify (1) the IP address assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed Hard Drive's copyrighted work and (2) the ISP for each of the IP addresses. *Id*. at 4-5; Complaint, ECF No. 1-1 at 2-4, Exh. A. Hard Drive therefore requested that, pursuant to Federal Rule of Civil Procedure 26(d), the court grant it leave to serve a Rule 45 third-party subpoena on each ISP listed in Exhibit A of the Complaint to obtain the names and contact information of the ISP subscribers to determine if they should be named and served as Doe defendants in this case. *Id.* at 14-15.

The court granted Hard Drive's request on April 14, 2011. ECF No. 8. The order gave the ISPs and subscribers each 30 days in which to object to the subpoenas. *Id*. at 5. Doe 75 and Doe 72 did so, as both of them moved to quash the subpoena on various grounds. Doe 75 MTQ, ECF No. 16; Doe 72 MTQ, ECF No. 22. Hard Drive opposed the two motions. Opp'n to Doe 75 MTQ, ECF No. 21; Opp'n to Doe 72 MTQ, ECF No. 25. Hard Drive also dismissed all Doe defendants who did not move to quash the subpoena, leaving on Doe 75 and Doe 72. Voluntary Dismissal, ECF No. 24.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for liberal discovery. As a result, a party may discover any matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is also construed more broadly than it is for trial; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

C 11-01567 LB
2

1  of admissible evidence." *Id*. Nevertheless, the court issuing a subpoena must quash or modify it if it
2  "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.
3  R. Civ. P. 45(c)(3)(A)(iii).

4  Further, upon a showing of good cause, the court may limit the scope of discovery "to protect a
5  party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.
6  Civ. P. 26(c). The party or person seeking to limit its disclosures through such a protective order has
7  the burden of showing good cause. *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975). It cannot
8  meet its burden by relying on conclusory statements; rather, it must make a particular and specific
9  need for a protective order. *Methode Elecs., Inc. v. Finisar Corp.*, 205 F.R.D. 552, 554 (N.D. Cal.
10 2001) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Even where "good
11 cause" is established, a court should balance the interests in allowing discovery against the relative
12 burdens that would be imposed. *In re Coordinated Pretrial Proceedings in Petroleum Prod.*
13 *Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *see also Wood v. McEwen*, 644 F.2d 797,
14 801-802 (9th Cir. 1981).

### IV. DISCUSSION

16 Combined, Doe 75 and Doe 72 challenge Hard Drive's subpoena in three ways. First, Doe 75
17 contends that this court lacks personal jurisdiction over him or her, a fact of which Hard Drive,
18 somehow, is "fully aware." Doe 75 MTQ, ECF No. 16 at 2, ¶ 6. Doe 75 argues that if the subpoena
19 is not quashed, he or she likely would be named as a defendant, which would impose an undue
20 burden because "[r]equiring individuals from across the county to litigate in [this] district creates
21 exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to
22 prevent." Doe 75 MTQ, ECF No. 16 at 2, ¶ 8. But as Hard Drive and several other courts have
23 pointed out, a court cannot assess whether personal jurisdiction exists over a particular defendant
24 until the defendant has been identified. *See Millennium TGS, Inc. v. Does 1-21*, No. C 11-01739
25 PSG, 2011 WL 3740771, at *2 (N.D. Cal. Aug. 23, 2011); *MCGIP, LLC v. Does 1-18*, No.C-11-
26 1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *see also Sony Music Entm't Inc. v.*
27 *Does 1-40*, 326 F.Supp.2d 556, 567 (S.D.N.Y. 2004). Doe 75's personal jurisdiction argument,
28 then, is premature and not a ground for quashing Hard Drive's subpoena. *See Hard Drive*

C 11-01567 LB
3

*Productions, Inc. v. Does 1-46*, No. C-11-1959 EMC, ECF No. 19 (N.D. Cal. June 16, 2011) ("[T]o the extent a Doe argues that this Court lacks personal jurisdiction over him or her, that argument may well have merit but is, at this juncture of the proceedings, premature.") (citing *Call of the Wild Movie, LLC v. Does*, Nos. 10-455 (BAH), 10-569 (BAH), 10-1520 (BAH), 2011 U.S. Dist. LEXIS 29153, at *27-32 (D.D.C. Mar. 22, 2011)). Moreover, to the extent that Doe 75 asserts that this district is an inconvenient forum, that argument, too, is premature. *MCGIP, LLC v. Does 1-18*, 2011 WL 2181620, at *1 (citing *Call of the Wild Movie, LLC v. Does*, 2011 U.S. Dist. LEXIS 29153, at *31).[2]

Second, Doe 72 argues that the subpoena should be quashed because Hard Drive has improperly joined the Doe defendants in this action. Doe 72 MTQ, ECF No. 22 at 2-4.

Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by the severance." *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R. Civ. P. 21. Courts should construe Rule 20 liberally "in order to promote trial convenience and to expedite the final determination of disputes." *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Courts may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the possibility of prejudice to the parties and the motives of the party seeking joinder. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Several courts in this district (including that of the undersigned) have found misjoinder in similar copyright infringement cases. *See*, *e.g.*, *Hard Drive Productions, Inc. v. Does 1-33*, No. C11-03827 LB, ECF No. 10 (N.D. Cal. Nov. 3, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533

---

[2] Doe 75 also "contests the personal jurisdiction of this court over the ISP on which the subpoena was served." Doe 75 MTQ, ECF No. 16 at 3, ¶ 7. Doe 75, however, lacks standing to challenge the court's personal jurisdiction over the ISP.

DMR, 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011); *Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011 U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142, at *2-*4 (N.D. Cal. Jul. 8, 2011); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb. 3, 2011). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See*, *e.g.*, *Pac. Century Int'l*, 2011 WL 2690142, at *3-*4. They also focus on the problems that would result from joining numerous Doe defendants in a single action. *See*, *e.g.*, *Pac. Century Int'l*, 2011 WL 5117424, at *3 (describing the "logistical nightmare" of joining 101 Doe defendants in such an action); *On The Cheap, LLC v. Does 1-5011*, No. C10–4472 BZ, 2011 WL 4018258, at *2 (N.D. Cal. Sept. 6, 2011) (same); *see also BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) ("Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe.").

Here, though, there are only two Doe defendants left. While the court still has doubts that permissive joinder is appropriate given that Doe 75 and Doe 72 allegedly downloaded and/or shared Hard Drive's copyrighted work nine days apart (*see* Complaint, ECF No. 1, Ex. A), it is clear that the case management concerns expressed above are not present. Instead, the court believes that allowing Hard Drive to proceed against both Doe 75 and Doe 72 – at least at this stage in the proceedings – would promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. In this instance, the court will not quash Hard Drive's subpoena for improper joinder.

Third, Doe 72 argues that Hard Drive's efforts to identify any Doe defendants are fruitless and prejudicial because the methods for doing so will not establish that any particular person committed copyright infringement. In so arguing, Doe 72 asserts that IP and Media Access Control ("MAC") address-tracing software is unreliable; IP addresses are easily "spoofed"; tracing an IP or MAC address would identify a device, not a person; and wireless home networks are not fully secure and can be accessed without authorization. Doe 72 MTQ, ECF No. 22 at 4-7. While these arguments

may have merit, they are for another day. As one court has explained:

> It may be true that the putative defendants who filed motions and letters denying that they engaged in the alleged conduct did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of their assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses in this case. In other words, if these putative defendants are named as defendants in this case, they may deny allegations that they used BitTorrent to download and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against them. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses.

*Voltage Pictures, LLC v. Does 1-5000*, Civil Action No. 10–0873 (BAH), --- F.Supp.2d ----, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1–4,577*, 736 F.Supp.2d 212, 215 (D.D.C. 2010); *Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008)); *see also MCGIP, LLC v. Does 1-18*, 2011 WL 2181620, at *1 (quoting *Voltage*).

## V. CONCLUSION

Based on the foregoing, the court DENIES Doe 75's and Doe 72's motions to quash Hard Drive's subpoenas to their ISPs. Because the court does not have contact information to notify Doe 75 and Doe 72 of the denial of their motions, the court ORDERS Hard Drive to provide a copy of this order to their ISPs, with the instruction that the ISPs should, in turn, provide a copy of this order to Doe 75 and Doe 72.

This disposes of ECF Nos. 16 & 22.

**IT IS SO ORDERED.**

Dated: November 8, 2011

_____
LAUREL BEELER
United States Magistrate Judge